DECISION AND JUDGMENT ENTRY
Appellant Freddy D. Taylor, Jr. appeals from judgment of the Washington County Common Pleas Court, denying his motion to withdraw his guilty plea, and finding him guilty of attempted rape, a violation of R.C. 2907.02 and 2923.02. We affirm the decision of the court below, since we find no merit in appellant's assignments of error.
The Washington County Grand Jury indicted appellant on one charge of rape on July 15, 1998. The appellant was arraigned on July 28, 1998, and entered a "not guilty" plea. The State later amended the charge to attempted rape, a second decree felony. On October 20, 1998, appellant appeared before the court with his appointed counsel and changed his plea to a "guilty" plea on the amended charge. The court ordered a pre-sentence investigation. On completion of that investigation, appellant appeared before the court with counsel, on November 23, 1998, for sentencing. At that hearing, his counsel orally moved to withdraw the appellant's plea. Appellant testified regarding his motion. The trial court denied the motion, and sentenced the appellant to serve six years for the second-degree felony of attempted rape.
Appellant filed a timely appeal, and presents five Assignments of Error for our review:
 1. THE TRIAL JUDGE ERRED BY NOT COMPLYING WITH RULE 11(C)(2) OF THE OHIO RULES OF CRIMINAL PROCEDURE.
 2. THE TRIAL JUDGE ERRED BY FAILING TO COMPLY WITH RULE 23(A) OF THE OHIO RULES OF CRIMINAL PROCEDURE AND OHIO REVISED CODE SECTION 2945.05.
 3. THE TRIAL COURT DID NOT PROVIDE THE DEFENDANT-APPELLANT WITH A MEANINGFUL HEARING PURSUANT TO OHIO RULES OF CRIMINAL PROCEDURE RULE 32.1.
 4. THE TRIAL COURT ABUSED ITS DISCRETION BY NOT GRANTING DEFENDANT-APPELLANT'S MOTION TO WITHDRAW HIS PLEA PRIOR TO SENTENCE PURSUANT TO RULE 32.1 OF THE OHIO RULES OF CRIMINAL PROCEDURE.
 5. THE TRIAL COURT DID NOT APPROPRIATELY SENTENCE THE DEFENDANT-APPELLANT FOR "ATTEMPTED RAPE."
 I
The Supreme Court of the United States has held that a trial court, when accepting a plea, is obligated to determine that an accused is knowingly, intelligently and voluntarily waiving his constitutional rights. Boykin v. Alabama (1969), 395 U.S. 238, 243, 89 S.Ct. 1709,1712, 23 L.Ed.2d 274, 279. "[T]he trial court must inform the defendant that he is waiving his privilege against compulsory self-incrimination, his right to jury trial, his right to confront his accusers, and his right of compulsory process of witnesses."State v. Ballard (1981), 66 Ohio St.2d 473, 423 N.E.2d 115, paragraph one of the syllabus. Substantial compliance with Crim.R. 11 satisfies these constitutional requirements. State v. Stewart (1977),51 Ohio St.2d 86, 88-89, 364 N.E.2d 1163, 1165.
"Substantial compliance means that under the totality of circumstances the defendant subjectively understands the implications of his plea and the rights that he is waiving." State v. Nero (1990),56 Ohio St.3d 106, 108, 564 N.E.2d 474, 476. In Stewart, supra,
51 Ohio State at 93, 364 N.E.2d at 1167, the court stated that: "* * * although it can validly be argued that the trial court should adhere scrupulously to the provisions of Crim.R. 11(C)(2) * * *, there must be some showing of prejudicial effect before a guilty plea may be vacated."
At hearing on October 20, 1998, we find the court inquired of the appellant:
The Court:
 Mr. Taylor, very shortly I'm going to ask you `How do you plead?' If you say, `Judge, I'm guilty,' at that point, when you said, `I'm guilty,' you've given up your right to have any type of trial in this case. There will never be a jury trial, nor a trial to the court. Do you understand that?
To this question, the appellant replied "yes." Appellant now argues that this dialogue was not sufficient to notify him of his right to a jury trial, nor does it constitute a knowing, voluntary or intelligent waiver of his right to a jury trial. Appellant relies upon State v. McCann (1997), 120 Ohio App.3d 505, 698 N.E.2d 470. Reading McCann, we find that even the dissent conceded that the trial court in Hamilton County failed to mention McCann's right to a jury trial when accepting his plea. In State v. DeArmond (1995),108 Ohio App.3d 239, 670 N.E.2d 531, that same court found, after reviewing "the totality of the circumstances demonstrated by the record, the defendant knowingly, voluntarily, and understandingly entered a plea of guilty despite the trial court's failure to give him explicit, oral advice with respect to his right to a jury trial."DeArmond, at paragraph six of the syllabus. There, the defendant had earlier signed a written waiver of his right to a jury trial.
The relevant inquiry is "whether the trial court explained or referred to the right in a manner reasonably intelligible to the defendant." Ballard, supra, at paragraph two of the syllabus. At the sentencing hearing on November 23, 1998, appellant testified in support of his motion to withdraw his plea of guilty.
Appellant indicated that he entered the plea because he was scared, and because he did not believe that he had "much of a chance at all" to prevail in his defense of the charge against him. Further, several days after he entered the plea on October 20, 1998, the victim contacted him. Appellant testified that the victim told him that she did not believe that the prosecution of the charge would go as far as it did. He also testified that the victim convinced him to admit to his crime when interviewed by the police. However, on cross-examination, appellant admitted that he forced the victim to have sexual intercourse with him.
Appellant now argues in his assignment of error that the Crim.R. 11(C)(2) dialogue, cited earlier herein, failed to adequately inform him of his right to a jury trial. Our review of his testimony at the November sentencing hearing raises related issues about that October hearing where appellant entered his plea of guilty. We again reviewed the record of the October 20, 1998 hearing to determine whether the trial court properly questioned appellant to determine if he was aware of the rights that he would waive with the entry of his guilty plea. Specifically, did the court also determine if appellant was aware of his right to confront any witnesses against him, his right to cross-examine those witnesses, and his right to compulsory process to obtain the testimony of witnesses in his defense. We find the following dialogue:
The Court:
 If you plead guilty, you give up your right to confront your accusers. What that means is, you'll never sit in this courtroom, nor any other courtroom, for that matter, and look at the people in the witness stand and listen to their testimony that are pointing your finger at you saying you committed this crime. That won't happen. Do you understand that?
Appellant: Yes
The Court:
 Okay. If you plead — if you plead guilty, you give up your right to cross-examine those witnesses that testify against you. Neither Attorney Carson, nor any other attorney, nor yourself, will ever have the opportunity to question the witnesses that are making these accusations while they're under oath in open court. Do you understand that?
Appellant: Yes.
After informing the appellant of his right to testify on his own behalf, and receiving an affirmative answer from the appellant that he understood that this was his right, the court continued:
The Court:
 Okay. If you plead guilty, you give up your right to what the law refers to as compulsory process. That means have the clerk issue subpoenas to make people come to court and testify for you. You no longer have that right in this case. Do you understand that?
Appellant: Yes.
Our review of the record leads us to conclude that the appellant knowingly, voluntarily, and intelligently waived his right to trial by jury. Furthermore, we find that the appellant also knowingly, voluntarily and intelligently waived his privilege against compulsory self-incrimination, his right to confront his accusers, and his right of compulsory process of witnesses. We are satisfied that the trial court substantially complied with Crim.R. 11. See Stewart, Nero, andState v. Shields (1997), 119 Ohio App.3d 807, 696 N.E.2d 614.
Appellant's First Assignment of Error is OVERRULED.
 II
Appellant claims error by the trial court for accepting his plea of guilty without obtaining a written waiver of his right to a jury trial. Appellant cites R.C. 2945.05, and again refers to McCann as his authority.
This section of the code allows a criminal defendant to waive trial by jury and elect a bench trial instead. A trial court must have this written waiver of the right to a jury trial to have jurisdiction to hear a bench trial, State v. Pless (1996), 74 Ohio St.3d 333,658 N.E.2d 766, paragraph one of the syllabus.
However, a trial court need not have this written waiver to accept a guilty plea. McCann, dissent by J. Gorman, 120 Ohio App.2d at 512,698 N.E.2d at 474, citing Martin v. Maxwell (1963), 175 Ohio St. 147,191 N.E.2d 838. See discussion in State v. Jackson (Mar. 11, 1998), Athens App. No. 97CA22, unreported, and State v. Keiffer (Dec. 8, 1997), Athens App. No. 97CA23, unreported (no contest plea). See alsoState v. Childress (July 23, 1998), Cuyahoga App. No. 71956, unreported; State v. Hernandez (Aug. 16, 1996), Williams App. No. WM-95-032, unreported, and State v. Jacoby (Nov. 10, 1986), Madison App. No. CA86-03-005, unreported. We find no merit in the appellant's Second Assignment of Error.
Appellant's Second Assignment of Error is OVERRULED.
 III
After accepting appellant's guilty plea at the October 20, 1998 hearing, the trial court ordered a pre-sentence investigation, and recessed. After receipt of the pre-sentence investigation, the court set the sentencing hearing for November 23, 1998. At this hearing, the appellant, through counsel, entered his oral motion to withdraw his earlier plea of guilty. The trial court permitted the appellant to present his reasons for seeking to withdraw his plea.
Appellant now raises, as his Third Assignment of Error, the failure of the trial court to afford him a "meaningful hearing" required by Crim.R. 32.1.
Our standard of review is one of abuse of discretion, State v. Xie
(1992), 62 Ohio St.3d 521, 584 N.E.2d 715. In Xie, at the syllabus, the court held as follows:
 1. A defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea.
 2. The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court.
The Xie court explained: "We agree that a presentence motion to withdraw a guilty plea should be freely and liberally granted. Nevertheless, it must be recognized that a defendant does not have an absolute right to withdraw a plea prior to sentencing. Therefore, the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." Xie,62 Ohio St.3d at 527, 584 N.E.2d at 719.
Appellant cites State v. Graham (Dec. 23, 1996), Meigs App. No. 95CA22, unreported, and State v. Wright (June 19, 1995), Highland App. No. 94CA853, unreported, as authority for his argument that the trial court did not afford a meaningful opportunity for hearing. As we noted in Graham and Wright, it is clear that the scope of the hearing is within the sound discretion of the trial court.
The Eighth District court of Appeals found that Crim.R. 32.1 motions required a full, fair and impartial hearing in State v.Peterseim (1980), 68 Ohio App.2d 211, 428 N.E.2d 863. However, eight years later that same court stated that "* * * Peterseim is not to be interpreted to mean that every motion to withdraw a guilty plea or no contest plea should be granted as long as the motion is made prior to the sentencing." State v. Posta (1988), 37 Ohio App.3d 144, 145,524 N.E.2d 920, 921.
 Implicit in this statement is the recognition that a court's adherence to Crim.R. 11 raises a presumption that the plea was voluntarily entered. See State v. Spence
(Jan. 19, 1989), Cuyahoga App. No. 54880, unreported at 2. The proponent of the motion to withdraw the plea has the burden of rebutting that presumption by demonstrating that the plea was infirm. The motion to withdraw a plea must, at a minimum, make a prima facie showing of merit before the trial court need devote considerable time to it. United States v. Navarro-Flores (C.A.9, 1980), 628 F.2d 1178, 1183; United States v. Dabdoud-Diaz
(C.A.5, 1979), 599 F.2d 96, 100. Stated differently, the scope of the hearing to be held on the Crim.R. 32.1 motion should be reflective of the substantive merit of the motion itself Hence, bold assertions without evidentiary support simply should not merit the type of scrutiny that substantiated allegations would merit. The scope of the hearing is within the sound discretion of the trial judge, subject to our review for an abuse of that discretion. Cf. Posta [supra, 37 Ohio App.3d at 145, 524 N.E.2d at 921]. This approach strikes a fair balance between fairness for an accused and preservation of judicial resources.
State v. Smith (Dec. 10, 1992), Cuyahoga App. No. 61464, unreported, quoted in State v. Graham, supra.
The only issue in determining the viability of appellant's plea is whether the totality of the circumstances demonstrates that appellant knowingly and voluntarily entered his plea in substantial compliance with Crim.R. 11. See State v. Thomas (1992), 80 Ohio App.3d 452,609 N.E.2d 601. Appellant argues prejudice because the trial court granted his motion and held a hearing on his motion on the day of the sentencing hearing. While Xie states that a hearing must be held "to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea," Xie does not require that an evidentiary hearing be held in all cases. See State v. Flannigan (Apr. 10, 1996), Vinton App. No. 95CA499, unreported, and State v. Stubbs (Mar. 24, 1995), Trumbull App. No. 93-T-4986, unreported.
In Xie, the court addressed the denial of a motion to withdraw a guilty plea without hearing. The entry of a guilty plea waived the appellant's constitutional rights. The withdrawal of a plea is an attempt to reassert these constitutional rights. Appellant was not prejudiced because the trial court granted his motion for a hearing. Clearly, the same standard does not apply to both the entry and the withdrawal of a guilty plea.
More to the point, appellant advanced no credible reason why his plea at the October 20, 1998, hearing was neither voluntary nor knowingly made. His testimony appears to center around a chance meeting with the victim some time after that hearing. Nor, does the appellant explain why he waited until the day of sentencing to enter his motion to withdraw his plea. "An undue delay between the occurrence of the alleged cause for withdrawal of the guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." State v. Smith (1977), 49 Ohio St.2d 261,361 N.E.2d 1324. We note that the trial court freed appellant on bond after the plea hearing. Appellant had a month to discuss possible withdrawal of his plea with his counsel.
We are not prepared to find that the trial court abused its discretion by hearing appellant's motion on the day of sentencing. The trial court must also give deference to the possibility of prejudice to the prosecution. Other factors we must weigh as well include the extent of the hearing conducted pursuant to Crim.R. 11; the timing of the motion; the reasons given for withdrawal; and the existence of a meritorious defense. See State v. Peterseim, supra,
and State v. Fish (1995), 104 Ohio App.3d 236, 661 N.E.2d 788. See also, United States v. Spencer (C.A.6, 1987), 836 F.2d 236.
It appears that appellant had the advice of counsel at both the plea hearing and the sentencing hearing. Although different counsel now represents appellant on appeal, there is no claim made that his trial counsel was ineffective in representing the appellant. We have already determined that the trial court committed no error under Crim.R. 11 at the plea hearing. We find that the hearing afforded the appellant satisfied the requirements of State v. Xie, supra, and find no abuse of discretion by the trial court in its conduct of that hearing.
Accordingly, we OVERRULE appellant's Third Assignment of Error.
 IV
Similarly, appellant argues in his Fourth Assignment of Error that the trial court abused its discretion by refusing to grant appellant's motion to withdraw his plea before sentencing. As we have noted above, "the decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court." Xie. Abuse of discretion means more than a mere error of law or judgment, but rather that the attitude of the trial court is unreasonable, arbitrary or unconscionable. State v. Adams (1980),62 Ohio St.2d 151, 404 N.E.2d 144.
 A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request.
State v. Peterseim (1980), 68 Ohio App.2d 211,428 N.E.2d 863, paragraph three of the syllabus.
Appellant's position is that the trial court did not give "full and fair consideration" to his motion. One who enters a plea "has no right to withdraw it," and "it is within the sound discretion of the trial court to determine what circumstances justify granting such a motion." Xie, 62 Ohio St. 3d at 526, 584 N.E.2d at 719, quotingBarker v. United States (C.A.10, 1978), 579 F.2d 1219, 1223.
Appellant was represented by competent trial counsel. The trial court afforded him a full hearing before he entered his plea. Appellant received a full hearing on his motion to withdraw that plea. Upon review of the record of that hearing, we can discern no reason for his request other than a simple change of mind. That is an insufficient basis to challenge a court's denial of defendant's motion to withdraw a guilty plea. State v. Ramirez (Jan. 19, 1996), Defiance App. No. 4-95-12, unreported.
After a careful review of the record, we find the trial court did not abuse its discretion in denying appellant's motion to withdraw his guilty plea. "There is no evidence that the trial court, `both in its acceptance of appellant's guilty plea and in its subsequent consideration of appellant's motion to withdraw that plea, failed to fully and fairly consider appellant's motion before denying it."State v. Sunnycalb (Nov. 20, 1995), Butler App. No. CA95-04-059, unreported, citing Peterseim, 68 Ohio App.2d at 214,428 N.E.2d at 865. Appellant was given an opportunity to address the court with regard to the motion and failed to establish any reasonable and legitimate basis upon which his motion was based. Sunnycalb, supra,
citing Xie. We therefore OVERRULE appellant's Fourth Assignment of Error.
 V
Appellant bases his final Assignment of Error entirely upon misstatements by the trial court during the sentencing hearing. At one point the court stated that the appellant had been convicted of rape, rather than attempted rape; at another point the court referred to "the minimum term for rape." A review of the hearing transcript reveals that immediately after the first instance highlighted by the appellant, the court correctly states the crime as attempted rape. We note that neither appellant nor his counsel raised any objection, or any other comment, regarding these alleged errors at the time of the hearing in the court below.
Appellant does not claim his sentence exceeds statutory guidelines for a conviction of attempted rape. His claim apparently is that he received a longer sentence than he would have otherwise because the court thought he pled guilty to rape. However, the transcript of the sentencing hearing simply will not support this conclusion.
In that transcript, before pronouncing sentence on the appellant, the trial court stated, correctly, that attempted rape is a second-degree felony, and the presumption of law is for a prison sanction. The court then recited appellant's long involvement with the criminal courts to find that no factor overrides this presumption, before imposing a sentence of six years.
We must also follow the maxim that "in Ohio a court speaks through its journal entry." State v. King (1994), 70 Ohio St.3d 158, 162,637 N.E.2d 903, 906, quoting Worcester v. Donnellon (1990),49 Ohio St.3d 117, 118, 551 N.E.2d 183, 184. The journal entry of December 9, 1998 correctly lists the appellant's plea of guilty to the charge of attempted rape, and his sentence to six years in the penitentiary. Further, the sentence is consistent with the factors to be considered in sentencing by the trial court, as set out in R.C.2929.12. The court noted that appellant posed a likelihood of recidivism, given his extensive juvenile and adult history of criminal convictions.
We find no merit in the appellant's Fifth Assignment of Error, and therefore OVERRULE this assignment of error as well.
Having overruled all of the appellant's assignments of error as being without merit, we AFFIRM the judgment of the trial court.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed, and that the appellee recovers of the appellant costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is ordered that special mandate issue out of this court directing the Washington County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court of this Court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall earlier terminate if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
Kline, P.J., and Abele, J.: Concur in Judgment and Opinion.
 ___________________________ David T. Evans, Judge