[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Mason A. Harris pleaded guilty to gross sexual imposition, aggravated burglary and burglary. Harris also stipulated that he was to be classified as a sexual predator.
In accepting Harris's guilty pleas, the trial court personally addressed him and asked him if he understood that he was waiving his constitutional right to a jury trial. But the court did not ask Harris whether he understood that he was waiving his privilege against compulsory self-incrimination, his right to confront his accusers, and his right to compulsory process of witnesses. Defense counsel stated that he and Harris had discussed Harris's "other constitutional rights."
 In State v. Ballard (1981), 66 Ohio St.2d 473, 423 N.E.2d 115, paragraph one of the syllabus, the Ohio Supreme Court stated,
 Prior to accepting a guilty plea from a criminal defendant, the trial court must inform the defendant that he is waiving his privilege against compulsory self-incrimination, his right to jury trial, his right to confront his accusers, and his right of compulsory process of witnesses. (Boykin v. Alabama [1969], 395 U.S. 238, 89 S.Ct. 1709, followed.)
 The test is "whether the trial court explained or referred to the right in a manner reasonably intelligible to the defendant." State v. Ballard at 480, 423 N.E.2d at 120. The trial court's failure to meaningfully inform a defendant that he is waiving these rights by pleading guilty renders the guilty plea constitutionally infirm. Id. at 478, 423 N.E.2d at 120; see State v. DeArmond (1995), 108 Ohio App.3d 239, 670 N.E.2d 531.
In Cleveland v. Wanzo (1998), 129 Ohio App.3d 664, 718 N.E.2d 982, the trial court accepted the defendant's plea of no contest after informing him only of his constitutional right to trial by jury. The trial court did not inform the defendant of the other constitutional rights set forth in Ballard and Boykin. The Eighth District Court of Appeals held that the trial court had erred in accepting the plea. Further, the appellate court held that a statement by the trial court that the defendant was giving up "all associated rights" was insufficient. The defendant was not required to show prejudice; the court held that prejudice was presumed.
In the instant case, the trial court failed to inform Harris that by pleading guilty he was waiving his privilege against compulsory self-incrimination, his right to confront his accusers, and his right to compulsory process of witnesses. This failure rises to the level of plain error under Crim.R. 52(B) and renders the guilty pleas constitutionally infirm. See State v. Roca (Dec. 17, 1999), Sandusky App. No. S-99-017, unreported; State v. Neal (May 21, 1999), Wood App. No. WD-98-075, unreported. In light of our disposition of this case, we need not address Harris's assignment of error.
Therefore, the judgment of the trial court is reversed, the pleas of guilty are vacated, and this cause is remanded for further proceedings consistent with law and this Judgment Entry.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.