[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} Defendant-appellant James Brewster contests the voluntariness of his plea of guilty to one count of felonious assault, in violation of R.C. 2903.11(A)(2), punishable as a felony of the second degree. In exchange for his plea of guilty, the state dismissed a second felonious-assault count. He also contests the five-year term of imprisonment imposed by the trial court following its acceptance of his plea. Because Brewster entered his plea knowingly and voluntarily, and because the trial court properly imposed a sentence supported by the record, we affirm the judgment of the trial court.
 {¶ 3} In his first assignment of error, Brewster contends that the trial court erred by accepting his guilty plea because the court ignored his protestation that the attempts to strike the victim with his automobile were merely mistakes.
 {¶ 4} The decision to accept a guilty plea rests in the sound discretion of the trial court, and before the plea is accepted, the trial court must personally address the defendant and determine whether he has made a knowing, intelligent, and voluntary decision, and whether he understands that he is waiving various constitutional rights to a fair trial. See Crim.R. 11(C); see, also, State v. DeArmond (1995),108 Ohio App.3d 239, 242, 670 N.E.2d 531.
 {¶ 5} The trial court may accept the guilty plea despite a defendant's protestations of innocence, or of lesser culpability, as an accused may knowingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime. See North Carolina v. Alford (1970), 400 U.S. 25,37, 91 S.Ct. 160. Here, the trial judge, Judge Dennis S. Helmick, personally addressed Brewster in a lengthy and thorough plea hearing and, in accordance with Crim.R. 11(C), expressly informed him of his constitutional rights. In response to Brewster's questions regarding the meaning of post-release control and whether he could plead guilty while still maintaining that he had acted mistakenly, the trial judge carefully inquired whether Brewster understood the plea, whether he understood the effect and the consequences of the plea, and whether the plea was given voluntarily. Brewster, after repeated consultation with his attorney, withdrew his pleas of not guilty, admitted he struck the victim, and entered a guilty plea to one count of felonious assault.
 {¶ 6} Where, as here, the record affirmatively discloses that the defendant's guilty plea was not the result of coercion, deception or intimidation, that defense counsel was present at the time of the plea, that counsel's representation assisted the defendant in intelligently choosing to enter a guilty plea, that the plea was made with the understanding of the nature of the charges, and that the defendant was motivated by a desire to receive a lesser penalty, a reviewing court will not disturb the trial court's acceptance of the plea. See State v. West
(1999), 134 Ohio App.3d 45, 49-50, 730 N.E.2d 388, citing State v.Piacelli (1971), 27 Ohio St.2d 92, 271 N.E.2d 852, syllabus. The first assignment of error is overruled.
 {¶ 7} In his second assignment of error, Brewster contends that the trial court's imposition of a five-year term of imprisonment for the commission of a second-degree felony was contrary to law because the court impermissibly considered his reluctance to enter a guilty plea and his filing of a notice of alibi. See R.C. 2953.08(A)(4). The assignment of error is overruled. There is no evidence that the trial court imposed a more severe sentence because of Brewster's in-court conduct. Rather, Judge Helmick's comments on delay and trial strategy came as part of his meticulous explanations to Brewster of the consequences of his plea. The trial court carefully completed a felony-sentencing checklist, noting that Brewster's victim, the daughter of a friend, suffered serious physical harm requiring hospitalization for four weeks, and that Brewster, then thirty-seven years old, had an extensive record of serious criminal activity, including four felony convictions as an adult, prior juvenile delinquencies, and previous failed probations or paroles. See R.C. 2929.12(B) and 2929.12(D). As Brewster was convicted of a second-degree felony, there was a presumption favoring a prison term, see R.C. 2929.13(D), and the trial court's imposition of a term of imprisonment less than the maximum was amply supported by the facts of record and was not contrary to law. See R.C. 2953.08(G)(2)(b).
 {¶ 8} Therefore, the judgment of the trial court is affirmed.
 {¶ 9} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman and Winkler, JJ.