JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
The defendant-appellant, David Barnes, appeals from his conviction for one count of falsification, a violation of R.C. 2921.13(A)(8), and one count of possession of cocaine, a violation of R.C. 2925.11(A). Pursuant to a plea agreement that contained an agreed sentence, Barnes pleaded guilty to both counts and received a combined sentence of one year in prison. Although acknowledging that he had entered into the written plea agreement, and that the trial court complied with all the Crim.R. 11 requirements to ensure that he had done so knowingly, intelligently, and voluntarily, Barnes nonetheless asserts that his convictions should be reversed because the trial court failed to formally solicit from him a guilty plea.
While it is true that the trial court never asked Barnes how he wished to plead, it is also true that, before the Crim.R. 11 colloquy, the trial court asked Barnes if he understood that the plea bargain required him to plead guilty. Barnes answered, "Yes, sir." As conceded by Barnes, the colloquy that followed made "all the necessary inquiries" to ensure that Barnes understood all the ramifications of the plea and the agreed sentence. There is not the slightest evidence that Barnes did not understand the implications of his plea and the rights he was waiving — or that he was not, in fact, pleading guilty when he participated in the colloquy and without protest accepted the sentence of the court to which he had earlier agreed in writing.
In sum, the trial court substantially, if not literally, complied with Crim.R. 11. See State v. DeArmond (1995), 108 Ohio App.3d 239,670 N.E.2d 531. Given the complete lack of evidence that Barnes did not wish to plead guilty and to accept the agreed sentence, we overrule his assignment of error.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Painter and Sundermann, JJ.