OPINION
{¶ 1} Appellant, Gary R. Gibson, appeals from the July 30, 2004 judgment entry of the Portage County Court of Common Pleas, in which he was sentenced for trafficking in cocaine.
 {¶ 2} On June 17, 2004, appellant was indicted by the Portage County Grand Jury on eight counts of trafficking in cocaine: counts one, two, and seven, felonies of the fourth degree, in violation of R.C. 2925.03(A)(C)(4)(c); counts three, four, and five, felonies of the third degree, in violation of R.C.2925.03(A)(C)(4)(d); and counts six and eight, felonies of the fifth degree, in violation of R.C. 2925.03(A)(C)(4)(a). On June 21, 2004, appellant entered a plea of not guilty at his arraignment.
 {¶ 3} On July 30, 2004, appellant, who was represented by counsel, entered a written plea of guilty to counts three, four, and five. Pursuant to its July 30, 2004 judgment entry, the trial court accepted appellant's guilty plea with respect to counts three, four, and five, and entered a nolle prosequi on the remaining counts. The trial court sentenced appellant to the agreed upon term of two years on each count, to be served consecutively to one another. It is from that judgment that appellant asserts the following assignments of error on appeal:[1]
 {¶ 4} "[1.] The trial court erred by accepting appellant's guilty plea without first advising appellant that, by entering such a plea, he was waiving his right to a trial by jury.
 {¶ 5} "[2.] The trial court erred by accepting appellant's guilty plea where such was not made knowingly, voluntarily, or intelligently."
 {¶ 6} In his first assignment of error, appellant argues that the trial court erred by accepting his guilty plea without first advising him that by entering such a plea, he was waiving his right to a jury trial. He asserts that the trial court merely informed him that he was giving up the right to a trial. Appellant challenges the trial court's application of the constitutional requirements provided in Crim.R. 11(C)(2)(c).
 {¶ 7} Crim.R. 11(C)(2) provides: "[i]n felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 8} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 9} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 10} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 11} This court stated in State v. Porterfield, 11th Dist. No. 2002-T-0045, 2004-Ohio-520, at ¶ 21-23:
 {¶ 12} "Crim.R. 11(C)(2) creates two separate sets of rights that the trial court is required to discuss with a defendant prior to its acceptance of a guilty plea. The first set addresses constitutional rights; the second set addresses non-constitutional rights. See, e.g., State v. Lavender, 11th Dist. No. 2000-L-049, 2001-Ohio-8790, at 10. Ultimately, `the basis of Crim.R. 11 is to assure that the defendant is informed, and thus enable the judge to determine that the defendant understands that his plea waives his constitutional right to a trial. And, within that general purpose is contained the further provision which would inform the defendant of other rights and incidents of a trial.' State v. Ballard (1981),66 Ohio St.2d 473, 480 * * *.
 {¶ 13} "On appeal, the issue becomes whether the record demonstrates that the defendant was informed of the relevant constitutional rights and incidents of a trial to warrant the conclusion that he or she understands what a trial is and that a guilty plea represents a knowing and voluntary forfeiture of those rights stemming from a trial. Id. Thus, `a rote recitation of Crim.R. 11(C) is not required and failure to use the exact language of the rule is not fatal to the plea. Rather, the focus, upon review, is whether the record shows that the trial court explained or referred to the right in a manner reasonably intelligible to that defendant.' Id. at 480[.]
 {¶ 14} "Crim.R. 11(C)(2)(c) specifically addresses the various constitutional rights that the trial court must discuss with the defendant prior to the acceptance of a guilty plea. These constitutional rights originated from Boykin v. Alabama
(1969), 395 U.S. 238 * * *. In Boykin, the United States Supreme Court held that because a defendant's guilty plea waives several constitutional rights, the record on appeal must demonstrate that a defendant is fully informed of such waiver for his or her guilty plea to be considered voluntary and knowing. Id. at 242. Therefore, to conform with these constitutional requirements, the trial court must explain to the defendant that he or she is waiving: (1) the Fifth Amendment privilege against self-incrimination; (2) the right to a trial by jury; (3) the right to confront one's accusers; (4) the right to compulsory process of witnesses; and (5) the right to require the state to prove guilt beyond a reasonable doubt. See, generally, Boykin
at 243. See, also, State v. Singh (2000), 141 Ohio App.3d 137
* * *. `The court must strictly comply with these requirements, and the failure to strictly comply invalidates a guilty plea.'Lavender at 11. Therefore, the failure `to meaningfully inform' the defendant of one or more constitutional rights contained in Crim.R. 11(C) is plain error requiring reversal. Ballard at 480." (Parallel citations omitted.)
 {¶ 15} In the case at bar, appellant's signed July 30, 2004 written plea of guilty clearly stated his right to a trial by jury. However, at the plea and sentencing hearing, the trial court did not use the word "jury" when referencing appellant's constitutional rights. Specifically, the trial judge asked appellant if he understood that he was "giving up [his] right to a trial when [he] plead[ed] guilty[.]" Appellant responded in the affirmative. The trial judge explained to appellant that he would "give up the right to confront, cross-examine and subpoena witnesses * * * [and] also relieve the State the burden of proving [his] guilt beyond a reasonable doubt at a trial where [he] could not be compelled to testify[.]" Appellant stated that he understood.
 {¶ 16} The record here demonstrates that the trial court "meaningfully informed" appellant as to his rights in a manner which allowed the trial court to determine that he understood the waiver of such rights.
 {¶ 17} In Ballard, supra, at 479, the Supreme Court of Ohio stated:
 {¶ 18} "the trial court did not use the language `right to jury trial' in informing the defendant of his rights. * * *
 {¶ 19} "* * * That portion of the transcript relevant to the appellant's right to trial by jury reads:
 {¶ 20} "THE COURT: All right. Now, you know that you do have the right to take the witness stand in your own behalf should you desire. Of course, that would be after conferring with your lawyers and you further have the right to not take the witness stand and should you decide not to assume the witness stand, neither the Judge nor the jury has any right whatsoever to hold the mere fact that you don't take the witness stand against you in any way inasmuch as you would be acting fully and completely within your constitutional rights in not taking the witness stand and also bearing in mind the burden which the State has at all times as to proving its case beyond a reasonable doubt.
 {¶ 21} "Do you understand that?
 {¶ 22} "THE DEFENDANT: Yes, sir, I do.
 {¶ 23} "THE COURT: Now, in other words, you do know you are entitled to a completely fair and impartial trial under the law, being represented by your lawyers at all times, you know that, don't you?
 {¶ 24} "THE DEFENDANT: Yes, sir."
 {¶ 25} In Ballard, the Supreme Court held that the foregoing statements, taken together, adequately informed the defendant of his right to a trial by jury. Id. at 481.
 {¶ 26} Applying Ballard, the First District in State v.DeArmond (1995), 108 Ohio App.3d 239, held that the defendant was "meaningfully informed" of his constitutional rights. Id. at 246. Although a review of the plea colloquy revealed that the trial court stated to the defendant that he had a right to go to trial, it failed to mention the word "jury." Id. at 245. However, the defendant's written plea explicitly provided that he was waiving his constitutional right to a jury trial. Id.
 {¶ 27} Also, the Eighth District in State v. Benjamin
(Sept. 3, 1998), 8th Dist. No. 73017, 1998 Ohio App. LEXIS 4108, held that the defendant's guilty plea should not be vacated where the trial court informed him that he had "`a right to a trial'" and that "`we're here for trial in your case.'" Id. at 8. The court stated: "[b]ecause the exact language of Crim.R. 11(C) is not required to be used, and because the trial court explained his right in a manner reasonably intelligible to him, defendant was aware and adequately informed of his right to a jury trial." Id.
 {¶ 28} In the instant matter, although the trial court did not explicitly state to appellant at the plea and sentencing hearing that he was waiving his right to a jury trial, the record establishes that appellant's plea was knowing, voluntary, and intelligent. See DeArmond, supra, at 245-246. The trial court explained appellant's rights in a manner reasonably intelligible to him. Appellant was aware and adequately informed of his right to a jury trial. See Benjamin, supra, at 6-8. The trial court's failure to provide a rote citation of Crim.R. 11(C)(2)(c) is not fatal to appellant's plea. The record before us demonstrates that the trial court was in strict compliance with the ultimate purpose of Crim.R. 11(C).
 {¶ 29} The Crim.R. 11(C) colloquy, together with appellant's written plea of guilty, demonstrate that appellant was adequately informed of his right to a jury trial. See, generally, State v.Finks (June 9, 2000), 11th Dist. No. 98-P-0129, 2000 Ohio App. LEXIS 2488; see, also, State v. Dowell (Mar. 31, 1987), 11th Dist. No. 3688, 1987 Ohio App. LEXIS 6394, at 8 (opining that "a written waiver of rights may be a most useful item in further verifying that a trial court has met the mandates of Crim.R. 11, and additionally corroborating a colloquy on the question as to whether or not there was a sufficient demonstration that a given defendant has properly[,] voluntarily and understandingly entered a plea of guilty or no contest."). We clearly have a nexus here which satisfies strict compliance between appellant's written plea and the Crim.R. 11(C) colloquy. However, we remind the trial court that it is to use the express language, "jury trial," in future cases.
 {¶ 30} Appellant's first assignment of error is without merit.
 {¶ 31} In his second assignment of error, appellant alleges that the trial court erred by accepting his guilty plea because it was not knowingly, voluntarily, or intelligently made. He stresses that with regard to the Crim.R. 11 colloquy, the trial court proceeded quickly, with brevity, and in such a consolidated manner, that he did not knowingly, voluntarily, or intelligently waive his rights.
 {¶ 32} The Supreme Court of Ohio, in State v. Griggs,103 Ohio St.3d 85, 2004-Ohio-4415, at ¶ 12, stated:
 {¶ 33} "[t]he right to be informed that a guilty plea is a complete admission of guilt is nonconstitutional and therefore is subject to review under a standard of substantial compliance.State v. Nero [1990], 56 Ohio St.3d [106,] 107 * * *. * * * [F]ailure to comply with nonconstitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice. Id. at 108 * * *. The test for prejudice is `whether the plea would have otherwise been made.' Id. Under the substantial-compliance standard, we review the totality of circumstances surrounding [a defendant's] plea and determine whether he subjectively understood that a guilty plea is a complete admission of guilt. Id." (Parallel citations omitted.)
 {¶ 34} Appellant's written plea of guilty shows that he was advised of his rights and of the plea negotiations, and that he accepted them as well as agreed to waive his rights. His written plea of guilty specifically provides: "I have been informed by my Attorney and by the Judge, and I understand the nature of the charge(s) to which I am pleading guilty, to wit: count 3, 4, 5 trafficking in cocaine, [felonies] of the third degree [in violation of R.C.] 2925.03(A)(C)(4)(d)[.] * * * I have been informed by my Attorney and by the Judge of the effect of my guilty plea and its consequences, and I understand them; and that upon accepting my guilty plea the Court may immediately proceed with judgment and sentencing. * * * I have been informed by my Attorney and by the Judge that by pleading guilty I waive [my] Constitutional Rights, and I understand these rights and it is my intention to waive them[.]"
 {¶ 35} In addition, appellant's counsel stated at the plea hearing that he had gone over the negotiations extensively with appellant, and believed that appellant understood the plea. A review of the plea hearing shows that the trial court engaged in the requisite Crim.R. 11 colloquy, and that appellant understood the nature of the charges. The following exchange occurred between the trial court judge and appellant:
 {¶ 36} "The Court: Mr. Gibson, do you understand these three counts?
 {¶ 37} "[Appellant]: Yes.
 {¶ 38} "The Court: Do you understand that they are felonies of the third degree and you could be imprisoned up to five years on each count?
 {¶ 39} "[Appellant]: Yes, sir.
 {¶ 40} "The Court: You also understand that the sentences could run consecutive?
 {¶ 41} "[Appellant]: Yes sir.
 {¶ 42} "The Court: Now, do you understand that the parties have indicated to me that they have an agreed sentence here of two years on each count of incarceration, to be run consecutive, you understand that?
 {¶ 43} "[Appellant]: Yes, sir.
 {¶ 44} "The Court: And is that your agreement?
 {¶ 45} "[Appellant]: Yes.
 {¶ 46} "The Court: Do you understand that when you are released, you will be subject to post release control, if you violate terms of that post release control, the Court could increase your prison sentence up to fifty percent of the original sentence, you understand that?
 {¶ 47} "[Appellant]: Yes.
 {¶ 48} "The Court: You further understand you are giving up your right to a trial when you plead guilty?
 {¶ 49} "[Appellant]: Yes, sir.
 {¶ 50} "The Court: That means you give up the right to confront, cross-examine and subpoena witnesses?
 {¶ 51} "[Appellant]: Yes, sir.
 {¶ 52} "The Court: You also relieve the State the burden of proving your guilt beyond a reasonable doubt at a trial where you could not be compelled to testify?
 {¶ 53} "[Appellant]: Yes.
 {¶ 54} "The Court: Have you been made any promises that I have not been told about?
 {¶ 55} "[Appellant]: No, sir.
 {¶ 56} "The Court: Threatened in anyway?
 {¶ 57} "[Appellant]: No, sir.
 {¶ 58} "The Court: Are you guilty of these three counts?
 {¶ 59} "[Appellant]: Yes, sir.
 {¶ 60} "The Court: Anything you want to say as to why the Court should not now impose the sentence?
 {¶ 61} "[Appellant]: No, I'd like you to sentence me right now."
 {¶ 62} The trial court's dialogue with appellant was thorough and, by all indications, appellant, who was represented by counsel, understood the implications of his plea and the rights he was waiving. The trial court exercised adequate adherence to the provisions of Crim.R. 11(C). Before accepting appellant's guilty plea, the trial court determined that appellant made his guilty plea voluntarily, and that he understood the nature of the charges against him and of the maximum penalty involved. Crim.R. 11(C)(2)(a). The trial court informed appellant of and determined that he understood the effect of his guilty plea, and that it could proceed with judgment and sentence. Crim.R. 11(C)(2)(b). The trial court specifically asked appellant if he agreed to go forward with sentencing and appellant clearly responded in the affirmative. In fact, the parties negotiated an agreed sentence. Also, the trial court informed appellant and determined that he understood that by pleading guilty he was waiving his constitutional rights. Crim.R. 11(C)(2)(c).
 {¶ 63} Nothing before this court leads us to conclude that appellant's plea was not knowing, voluntary, or intelligent. As such, the trial court did not err by accepting appellant's guilty plea.
 {¶ 64} Appellant's second assignment of error is without merit.
 {¶ 65} For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Portage County Court of Common Pleas is affirmed.
O'Neill, J., concurs.
O'Toole, J., dissents.
[1] On July 25, 2005, appellant filed a pro se motion for leave to file a delayed appeal, pursuant to App.R. 5(A), along with his notice of appeal. Pursuant to this court's August 31, 2005 judgment entry, we granted appellant's motion.