THE STATE OF OHIO, APPELLEE, *v.*
POSTA, APPELLANT.

(No. 53219—Decided
January 25, 1988.)

*John T. Corrigan,* prosecuting attorney, and *Patricia Cleary,* for appellee.

*Hyman Friedman,* county public defender, *Robert Ingersoll* and *Patricia Walsh,* for appellant.

CORRIGAN, J. The appellant, Amanda Posta, was indicted under a forty-six count indictment that included charges for securing writings by deception, in violation of R.C. 2913.53; grand theft, in violation of R.C. 2913.02; forging, in violation of R.C. 2913.31; uttering, in violation of R.C. 2913.31; and involuntary manslaughter, in violation of R.C. 2903.04.

At her arraignment on May 19, 1986, appellant entered pleas of not guilty to all forty-six counts of the indictment. On July 21, 1986, appellant withdrew her previously entered pleas of not guilty and entered pleas of no contest to three counts of securing writings by deception, four counts of grand theft, and involuntary manslaughter. After a presentation of the evidence that would have been pro-duced at trial, the court then found the appellant guilty on all counts to which she had pled.

Prior to sentencing, the appellant moved to vacate her pleas. Two hearings were had on the motions on September 12 and December 5, 1986. The motions were denied and the appellant was sentenced to serve two years on each count, except for the involuntary manslaughter count, for which she was sentenced to an indefinite term of four to ten years. All terms were set to run concurrently, with credit for time served.

The appellant now appeals, bringing one assignment of error:

"The trial court abused its discretion and denied appellant her rights to due process of law and to a trial by refusing to permit appellant to withdraw her plea of no contest prior to sentencing."

This assignment of error is overruled.

The appellant claims that her no contest plea was not knowingly and voluntarily made in compliance with the protections afforded by Crim. R. 11. The appellant further claims that the trial court abused its discretion in denying her presentence motions to withdraw the no contest plea, thereby resulting in her being denied her constitutionally ensured right to due process of law. We disagree.

In *State* v. *Peterseim* (1980), 68 Ohio App. 2d 211, 22 O.O. 3d 341, 428 N.E. 2d 863, this court addressed the standard to be taken into consideration by a trial court in permitting presentence withdrawal of guilty pleas. Paragraph one of the court's syllabus stated: "Although a motion to withdraw a guilty plea, filed after sentence has been imposed, should be granted only to correct manifest injustice, a motion to withdraw filed before sentencing should be freely allowed." However, *Peterseim* is not to be inter-

preted to mean that every motion to withdraw a guilty plea or a no contest plea should be granted as long as the motion is made prior to the sentencing.

Under Crim. R. 11, the procedure to be followed when a court accepts a plea of guilty or a no contest plea is the same. *State* v. *Pernell* (1976), 47 Ohio App. 2d 261, 1 O.O. 3d 318, 353 N.E. 2d 891. This court has held, "despite the more lenient standard applicable to pre-sentence motions [to withdraw guilty pleas], an appellate court will only reverse a denial of leave to withdraw when the trial court has abused its discretion." *Peterseim, supra,* at 213, 22 O.O. 3d at 342-343, 428 N.E. 2d at 865. Likewise, we now hold that the standard of appellate review for the denial of presentence motions to withdraw no contest pleas shall be abuse of discretion by the trial court. The Ohio Supreme Court has stated that a finding of abuse of discretion requires that " 'the court's attitude is unreasonable, arbitrary or unconscionable. * * *' " *Blakemore* v. *Blakemore* (1983), 5 Ohio St. 3d 217, 219, 5 OBR 481, 482, 450 N.E. 2d 1140, 1142.

In *Peterseim* this court held that:

"A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim. R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request." *Id.* at paragraph three of the syllabus.

In the instant case, we find no such abuse of discretion by the trial court. Prior to accepting the defendant's no contest plea, the trial court explained:

"Yes, you folks understand by the entry of a plea of no contest, you are in effect admitting to the facts that are contained in the indictment * * *."

After being assured by the defendant that she understood the meaning of the plea, the court instructed the defendant as to each of the charges against her and the sentence range possible with each charge. The defendant assured the court that she understood.

Subsequently, the defendant assured the court that her no contest pleas were offered freely and voluntarily and that she was aware of the fact that, by her pleas, she was giving up her right to trial and her right to subpoena and cross-examine witnesses.

After the trial court carefully instructed and questioned the defendant as to her understanding of the implications of her pleas, the defendant then proceeded to plead "no contest" to each of the remaining charges against her, after each charge was read out loud.

Accordingly, we find that the trial court complied with the mandate set forth in Crim. R. 11(C)(2) prior to accepting her "no contest" pleas. We further find that, in view of its compliance with Crim. R. 11, the trial court did not abuse its discretion in denying the defendant's motions to withdraw her no contest pleas prior to sentencing. Therefore, this court must affirm the trial court's judgment.

*Judgment affirmed.*

PATTON, P.J., and KRUPANSKY, J., concur.