OPINION
Defendant-appellant, Darren Richardson, appeals the denial by the Butler County Court of Common Pleas of his presentence motion to withdraw his no contest plea.
On November 18, 1996, appellant was indicted on one count of felonious sexual penetration in violation of R.C.2907.12(A)(1)(c) and one count of attempted rape in violation of R.C. 2907.02(A)(1)-(c). Appellant subsequently entered a plea of not guilty, and the case was set for a jury trial. Prior to the start of the trial, the state made three different plea offers[1] to appellant. Appellant rejected all three offers.
The trial started on June 2, 1997. Appellant was represented by Thomas Fox. In its case-in-chief, the state presented the testimony of four witnesses, including the victim. Three of the state's witnesses were out-of-state witnesses. At the end of the first day of trial, the state rested its case. The following day, before the trial started, appellant's attorney discussed offering the state a plea in exchange for the minimum sentence of three years. Appellant told his attorney he did not want to make this offer.
Thereafter, the defense proceeded with its case and called its first witness. Thereafter, appellant took the stand to testify on his own behalf. During the course of appellant's testimony on direct examination, the trial court called for a recess. During the recess, appellant entered a written plea of no contest as charged in exchange for a minimum three-year prison sentence. The trial court held a hearing pursuant to Crim.R. 11, accepted appellant's no contest plea and found appellant guilty as charged.
Appellant subsequently began having doubts about his plea and contacted his current attorney, Scott Frederick. Appellant filed a motion to withdraw his plea on June 30, 1997. The trial court conducted an evidentiary hearing on appellant's motion on July 10, 1997.
During the hearing, appellant testified that during the recess on the second day of the trial, his trial counsel told him that he thought the state had a stronger case and that the trial judge thought the same. Appellant's trial counsel also told appellant that he thought one juror believed appellant was lying. Appellant testified that at that point, "[he] just lost faith * * * [he] was convinced that [he] lost, basically." Appellant testified that he discussed the plea offer with his girlfriend and his trial attorney, and that it took him "a good 15, 20 minutes" to decide to take the plea. Appellant stated that he started questioning his plea decision "two to three hours afterwards." On cross-examination, appellant testified he felt pressured into a plea, that is, "pressured that [he] was losing. [He] had no faith in [his] attorney, [he] just lost faith in [his] lawyer." Yet, before entering his plea, appellant assured the court that he had confidence in his trial attorney.
By judgment entry filed August 29, 1997, the trial court overruled appellant's motion to withdraw his no contest plea. The trial court found, inter alia, that (1) appellant's loss of confidence in his case and his attorney did not constitute a reasonable and legitimate basis to withdraw his plea, (2) the withdrawal of appellant's plea would be highly prejudicial to the state, and (3) a mere loss of confidence in his trial counsel did not make counsel's performance inadequate enough to justify a withdrawal of the plea. On September 3, 1997, the trial court sentenced appellant to three years in prison. This timely appeal followed.
In his sole assignment of error, appellant argues that the trial court abused its discretion by denying his presentence motion to withdraw his no contest plea. Appellant cites State v. Peterseim (1980), 68 Ohio App.2d 211, for the proposition that a trial court does not abuse its discretion in denying a motion to withdraw a plea (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing pursuant to Crim.R. 11 before entering the plea, (3) when the accused is given a complete and impartial hearing on the motion after the motion to withdraw is filed, and (4) where the court gave full and fair consideration to the plea withdrawal request. It is appellant's contention that (1) the trial court did not give a complete and impartial consideration to his motion, and (2) appellant was not represented by highly competent counsel as demonstrated by the trial court's statement in its judgment entry that trial counsel was "merely adequate" and the limited amount of time spent by trial counsel on direct and cross-examination.
Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw."
Although a presentence motion to withdraw a guilty plea should be freely and liberally granted, a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. State v. Xie (1992), 62 Ohio St.3d 521, 527.[2] A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea. Id. The decision to grant or deny a presentence motion to withdraw a no contest plea is within the sound discretion of the trial court. State v. Posta (1988), 37 Ohio App.3d 144, 145.
"[O]ne extremely important factor bearing on the exercise of the court's discretion is whether withdrawal will result in prejudice to the prosecution[.]" State v. Fish (1995), 104 Ohio App.3d 236, paragraph two of the syllabus. Other factors include (1) the representation afforded to the defendant by counsel; (2) the extent of the hearing conducted pursuant to Crim.R. 11; (3) the extent of the hearing on the motion to withdraw; (4) the amount of consideration given to the motion by the court; (5) the timing of the motion; (6) the reasons given for withdrawal; (7) the defendant's understanding of the charges and penalties; and (8) the existence of a meritorious defense. Id.
We disagree with appellant's assertion that the trial court did not give a complete and impartial consideration to his motion to withdraw his no contest plea. The trial court's judgment entry denying appellant's motion specifically states that the court considered "all the pleadings filed and all hearings heard" by the court including the partial trial and the evidentiary hearing on appellant's motion. The record shows that following the evidentiary hearing, both parties filed a detailed memorandum regarding appellant's motion. The trial court's judgment entry further states that the court thoroughly considered all the relevant facts. A review of the judgment entry clearly shows that the trial court thoroughly considered and addressed each of the Fish factors before it denied appellant's motion.
We also disagree with appellant's assertion that he was not represented by highly competent counsel at trial. At the outset, we note that the trial court found the trial counsel's performance to be "quite" adequate, and not as appellant contends, "merely adequate." (Emphasis added.) We further note that appellant does not claim ineffective assistance of counsel or that his trial counsel failed to adequately prepare his case or present it to the trier of fact. Appellant contends that his trial counsel was not highly competent solely because, in appellant's opinion, trial counsel did not spend enough time conducting direct and cross-examination. An attorney's competence can hardly be measured by the amount of time spent on direct and cross-examination. After thoroughly reviewing the transcript, we agree with the trial court that appellant's trial counsel's performance was quite adequate, and thus, not a reasonable and legitimate basis for the withdrawal of appellant's plea.
The trial court found, and we agree, that the withdrawal of appellant's plea would be highly prejudicial to the state. Three of the state's four witnesses were out-of-state witnesses. To recall them for a new trial would result in an unreasonable financial burden to both the state and these witnesses. In addition, by the time appellant filed his motion to withdraw his plea, he had the opportunity to hear the state's case-in-chief in its entirety. As the state correctly points out, to allow withdrawal of appellant's plea would give appellant "the benefit of `free' discovery of witness statements" and "a second opportunity to cross-examine witnesses." Under these circumstances, withdrawal of appellant's plea would undoubtedly be prejudicial to the state.
Appellant testified that he agreed to plead no contest because he had lost faith in his case and in his trial attorney. Appellant testified that soon afterwards, he started questioning his plea decision as he "just didn't feel good about the decision that [he] had made." It is well-established that a mere change of heart is insufficient justification. State v. Lambros (1988),44 Ohio App.3d 102, 103.
Based on the record before us, and in light of all of the foregoing, we find that the trial court did not abuse its discretion in denying appellant's motion to withdraw his no contest plea. Appellant's sole assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and WALSH, J., concur.
[1] The first offer allowed appellant to plead to reduced charges in exchange for an eighteen-month prison sentence and consideration of a motion for judicial release within thirty days. The second offer guaranteed that appellant would receive no more than twelve months in prison and that a motion for judicial release would be considered after thirty days. The third offer guaranteed that appellant would receive six months in prison and that he would be released in thirty days on judicial release.
[2] "Although Xie clearly dealt with presentence motions to withdraw guilty pleas, the holdings in Xie may also be applied in situations involving pleas of no contest." State v. Spivey (1997), 81 Ohio St.3d 405, 415.