[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
John Perez Uribe is appealing from the denial of the trial court's motion to vacate his guilty plea.
The facts of the case and the reasoning of the trial court in its refusal to vacate Uribe's guilty plea are fully and concisely set forth in the decision of the court by the Hon. Barbara P. Gorman, as follows:
 This matter is before the Court on Defendant's motion to withdraw his guilty pleas. On November 26, 1997 and December 19, 1997, hearings were held in open court on this matter.
 I. FACTS
 On September 17, 1997, Defendant plead guilty in open court to two counts of rape of a child under 13. In exchange for these pleas of guilty, the state nolled the remaining counts of rape and further deleted the language in the indictment referring to force or threat of force, thus, taking away the potential life sentence on each of the original six rape charges. In addition, the state was agreeable to a total sentence of eight years on the two counts to which the defendant pled guilty.
 After reviewing the plea agreement, rights waiver and plea form with the Court, Defendant signed a entry of waiver and plea on indictment. Essentially, the document provides that no promises were made to induce Defendant's plea and that his plea was a negotiated plea and the entire underlying agreement upon which the plea is based has been stated on the record in open court.
 During the taking of the plea in open court, the Defendant pled guilty to the first count of rape. He then hesitated proceeding on the second plea stating, "It only happened one time." After a discussion on the record, including an explanation by Mr. Martino, Defendant's lawyer, of the Alford nature of the plea to the second count, and after being given the alternative of proceeding to trial as scheduled in approximately two weeks, the Defendant chose to proceed with his plea.
 In a subsequent hearing on the motion to withdraw his plea, Defendant testified that he never read the plea agreement. In addition, Defendant testified that even if he attempted to read the agreement, he could not have because he was not wearing his glasses. However, at the hearing in which Defendant entered his pleas, Defendant, when asked by the Court if he had any problem with reading the plea form, answered, "no." He also appeared to read the form when it was handed to him by the Court, after the Court orally reviewed it with him and before he signed it.
 At the vacation hearing, Defendant testified that he was never fully informed of his legal alternatives. Rather, he said that he was told that he should plea because the case was "hopeless." Defendant also testified that he wanted to withdraw his plea because he didn't do anything. Defendant's previous attorney, Mr. Martino, also testified at the plea vacation hearing, stating that he reviewed the case with the Defendant a number of times before his plea and discussed with Mr. Uribe his alternatives and the facts of the case, including his confession to the police. Mr. Martino also stated that Defendant wanted to withdraw his plea at the time of sentencing because between the time of plea and the time of sentencing, Mr. Uribe read or heard that another Defendant facing apparently similar charges in an unrelated matter in a different court received a six year sentence. Martino also testified that the Defendant's girlfriend was unhappy with the plea.
 II. LAW AND ANALYSIS
 Defendant seeks to withdraw his guilty plea prior to sentencing.
Criminal Rule 32.1 provides:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the Court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.
 Pre-sentence motions to withdraw a plea should be liberally allowed. State v. Kordelewski
(March 8, 1996), Montgomery App. No. 15425, unreported. However, a Defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. State v. Xie (1992), 62 Ohio St.3d 521. A decision to allow a withdrawal before sentencing is within the sound discretion of the trial court. Xie, supra; State v. Landis (Dec. 6, 1995), Montgomery App. No. 15099, unreported. Generally, a defendant is not allowed to withdrawal [sic] a guilty plea prior to sentencing just because he is made aware that a subjectively unexpected sentence is going to be imposed. State v. Lambros
(1988), 44 Ohio App.3d 102; State v. Long
(May 13, 1993), Montgomery App. No. 13285, unreported. In addition, where the trial court has properly conducted the taking of the plea under Crim.R. 11, a defendant is not entitled to withdraw his plea on the basis of an alleged agreement between him and his defense counsel. State v. Thomas (1992), 80 Ohio App.3d 452. The only issue in determining the viability of Defendant's plea is whether the totality of the circumstances demonstrates that it was knowingly and voluntarily entered in substantial compliance with Crim.R. 11. Id. At 459.
 In the case sub judice, having observed the demeanor, attitude and voice inflection of the witnesses during the hearing, this Court finds the defendant's previous counsel more credible than Defendant at the hearings on the motion to withdraw the plea. At that hearing, Defendant made a statement that he desired to withdraw his plea for reasons other than dissatisfaction with the negotiated eight years sentence. However, the Court finds that statements about Defendant wanting a trial to prove his innocence were not believable or credible and appeared to be self-serving statements prompted by a desire to "say the right thing" to force a plea vacation. For example, at the hearing to withdraw the plea, Defendant claimed he was innocent and did nothing to the child. However, his statements at the time of the plea (as well as those in the pre-sentence investigative report and the psychological reports) contradict this statement. Quite simply, almost immediately after the plea to the first count, Uribe emphatically said that he did it. (Emphasis supplied).
 The plea to the second count (actually count four of the indictment) was taken after some initial hesitation by the defendant, but only after the Alford nature of the plea to this second count was fully discussed on the record by Mr. Martino. That is, it was discussed with and again explained to the defendant in open court that if he were found not guilty of five counts of rape and found guilty only of the one he had just admitted to, he faced a life sentence. Under the plea agreement, by pleading to two counts of rape, he would receive a concurrent eight year sentence. Additionally, the defendant was given the option of proceeding to trial on a date certain and instead voluntarily chose to complete the plea and proceed with the negotiated sentence.
 This court finds two factors were the basis for Defendant's desire to withdraw his guilty plea. The first factor was that Defendant had learned that some other defendant facing apparently similar charges in an unrelated matter in a different court received two years less on his or her sentence than what Defendant would receive. The second factor appears to be that Defendant's girlfriend was unhappy with the eight year sentence. Testimony by Mr. Martino and the demeanor and behavior a [sic] woman who attended with Defendant all of his Court appearances provided the basis for this second determination.
 Defendant was fully aware that if the matter proceeded to trial he was very likely to receive a much harsher sentence. As stated by Mr. Martino at the plea hearing, "[I]f he's convicted on one count, the count on which there is no question, there is no statement given by Mr. Uribe on that date if he is convicted on that count at trial, he faces life. . . . [I]t made no difference whether we plead to one, two or all six counts, as the plea negotiations had to be better than being convicted on each one, even if the sexual conduct did not happen on separate occasions, even if it only happened once." Having been reminded of this at the time of the plea, Defendant voluntarily and knowingly proceeded with his plea.
 "To withdraw the plea before sentencing, the defendant must still have a legitimate basis for withdrawal." Kordelewski, supra; see also, Xie, supra.
Having heard the testimony of Mr. Uribe and Mr. Martino, the Court finds that Mr. Uribe does not have a legitimate basis for withdrawal.
 The Court finds that Defendant was represented by competent counsel and Defendant was afforded a full hearing pursuant to Crim.R. 11, before he knowingly and intelligently entered the plea. Accordingly, Defendant's plea was validly given and should not be set aside.
 III. CONCLUSION
 Based on the foregoing, Defendant's motion to withdrawal his guilty plea is not well taken and is hereby OVERRULED.
At the outset, we must note, as we did during oral argument, that Uribe runs a great risk on this appeal because, if he wins it, the case will be remanded, and he faces almost certain conviction on the first count and the mandatory life sentence. There would no longer be a plea bargain which bestowed on Uribe only an eight year incarceration. However, we will save Uribe from the life sentence because we will affirm. In so affirming, we adopt and approve the decision of the trial court as our own. The trial court explicitly made a credibility call, discounting almost entirely Uribe's testimony at the hearing on the motion to vacate his plea.
As we have stated many times before, (See e.g., City ofDayton v. Ronald J. Versic (March 15, 1996), Montgomery App. No. 15223, p. 6, unreported) it is settled law that credibility is for the trier of the facts and "where there exists competent and credible evidence supporting the findings and conclusions of the trial court, deference to such findings and conclusions must be given by the reviewing court." Myers v. Garson (1993), 66 Ohio St.3d 610,614. As the Supreme Court of Ohio observed in SeasonsCoal Co. v. Cleveland (1984), 10 Ohio St.3d 77, at 80: "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Such deference is particularly important in light of research that indicates that as much as "ninety percent of the total meaning of testimony is interpreted through non-verbal behavior, such as voice inflection, hand gestures, and the overall visual demeanor of the witness. The witness' choice of words accounts for only ten percent of the meaning of their testimony." State v. Evans (1993), 67 Ohio St.3d 405,410-411. The demeanor, attitude, and credibility of witnesses does not translate well to the written page. Davis v.Flickinger (1997), 77 Ohio St.3d 415, 418.
The appropriate standard of review of a trial court's denial of a motion to vacate a guilty plea is abuse of discretion. The finding of abuse of discretion requires that the court's attitude be clearly shown as to being unreasonable, arbitrary, or unconsciousable. State v. Posta (1988), 37 Ohio App.3d 144,524 N.E.2d 920. For purposes of determining abuse of discretion in such a case, this court has adopted the rule first set forth by the Court of Appeals for Cuyahoga County in State v. Peterseim
(1980), 68 Ohio App.2d 211, 22 O.O.3d 341, 428 N.E.2d 863, summarized in a headnote as follows:
 "A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request."
See State v. Barnett (1991), 73 Ohio App.3d 244, 250.
The record, including the transcripts of the hearings, clearly show that all four of the above stated factors are present here. As to the first factor, which Uribe contests, the trial court stated toward the close of the hearing:
 Looking at the factors in overruling the motion, the factors that the Court should consider, I find the accused was represented by highly competent counsel. And that Mr. Martino had good and valid discussions with the defendant as to what the situation was in this case. And he, in fact, actively and aggressively negotiated a plea to a sentence of eight years as opposed to a potential of six life sentences.
Tr. 70.
Uribe is also contesting the second factor in the above test, but the transcript clearly shows that he was afforded a full hearing before he entered his plea.
We can find no abuse of discretion on the part of the trial court. The sole assignment of error that its discretion was abused, is overruled, and the judgment is affirmed.
GRADY, P.J. and BROGAN, J., concur.
Copies mailed to:
Lynda K. Ashbery
John H. Rion
Hon. Barbara P. Gorman