OPINION
These timely appeals arise from Appellant's guilty pleas to charges of aggravated theft in violation of R.C. § 2914.02(A) (Case No. 2000-CO-11) and escape in violation of R.C. § 2921.34 (Case No. 2000-CO-12) following Crim.R. 11 plea agreements. For the following reasons, the judgment of the trial court is affirmed in both matters.
 FACTS/PROCEDURAL HISTORY
On March 5, 1998, the Columbiana County grand jury secretly indicted Appellant, Lester "Pike" Hassink, on one count of aggravated theft in violation of R.C. § 2913.02(A). The charge arose from Appellant's relationship with Jeffco Industries, Inc. and alleged that Appellant knowingly obtained or exerted control over Jeffco's property by deception.
On April 25, 1998, Appellant appeared for arraignment on this charge. The trial court entered a plea of not guilty on behalf of Appellant and continued a previously set $25,000.00 personal recognizance bond. On June 26, 1998, Appellant failed to appear for a pre-trial hearing and the court revoked his bond and issued a bench warrant for his arrest. On July 20, 1998, the trial court reinstated the original bond and recalled the arrest warrant. On January 14, 1999, Appellant failed a second time to appear for a pre-trial hearing. The court again revoked the personal recognizance bond, issued an arrest warrant and reset bond at $100,000.00 cash or surety. Appellant was later arrested and posted bond on March 18, 1999.
On February 23, 1999, Appellant was indicted on one count of failure to appear on recognizance stemming from the aggravated theft charge in violation of R.C. §§ 2937.29 and .99. Appellant was arraigned on March 23, 1999, on this charge. He waived reading of the indictment and pleaded not guilty.
On September 2, 1999, Appellant failed to appear at a status conference pertaining to the aggravated theft charge. The trial court revoked the revised bond and issued an arrest warrant. On September 13, the trial court set bond at $1,000,000.00 cash. On October 6, 1999, the trial court filed a journal entry indicating that Appellant was incarcerated in lieu of posting this cash bond.
On October 25, 1999, Appellant entered into a felony plea agreement on the original charge whereby he would plead guilty to aggravated theft as charged in the indictment and request bond and probation or community control sanctions. In return, the state would take no position on bond and recommend one year of incarceration if Appellant made complete restitution. At the October 27, 1999, hearing on the matter, the trial court issued a written "Judicial Advice to Defendant." Appellant acknowledged in writing that he understood this advice. Appellant further responded in writing that he entered his plea voluntarily and that he understood the possible penalties as well as the rights he relinquished by his plea. The trial court accepted Appellant's guilty plea by Judgment Entry filed on October 28, 1999, and ordered a pre-sentence investigation. The court set sentencing for January 28, 2000. On November 9, 1999, the trial court re-set bond in the amount of $500,000.00 cash or surety on the condition that Appellant surrender his passport and remain under house arrest.
With respect to the escape charge, Appellant entered into a felony plea agreement as to this, also, on October 25, 1999. Appellant agreed to plead guilty to one count of escape in violation of R.C. § 2921.34
pursuant to a prosecutor's information. He sought to request probation and agreed to pay restitution to the victim in the theft matter. In exchange, the State agreed to take no position on bond and to recommend a one year sentence to be served concurrently with any sentence levied in the theft case if restitution was made prior to sentencing. At a hearing on the matter, held on October 27, 1999, the trial court again issued a written, "Judicial Advice to Defendant," which Appellant acknowledged in writing that he understood. Appellant further responded in writing that his plea was made voluntarily and that he understood the possible penalties as well as the rights he relinquished by his plea. The trial court filed a judgment entry on that date accepting Appellant's guilty plea. Finding that Appellant had a knowing and intelligent understanding of his rights, the nature of the charge and the minimum and maximum penalties, the court accepted Appellant's guilty plea as knowingly and voluntarily made. The trial court ordered a pre-sentence investigation, set sentencing for January 28, 2000, and continued bond.
 On the day of the scheduled sentencing hearings, Appellant, who had retained new counsel since entering his guilty pleas, filed motions to withdraw his guilty pleas in both cases. Appellant asserted that his former counsel represented that if Appellant pled guilty, he would be released from jail on bond so that he and counsel could prepare his cases for further hearing or trial. Based on these motions, the trial court held separate hearings on each prior to sentencing on the respective offenses.
By a Journal Entry filed on January 28, 2000, the trial court denied Appellant's motion to withdraw his guilty plea on the theft charge. For the crime of aggravated theft, the trial court sentenced Appellant to four years of incarceration. Because the court was aware of an unrelated criminal charge pending in Cuyahoga County, this sentence was to be served concurrently with any sentence Appellant might receive for the pending Cuyahoga County criminal matter. On the escape charge, the trial court filed a Journal Entry on February 2, 2000, whereby it implicitly denied Appellant's motion to withdraw his guilty plea by sentencing Appellant to twelve months of incarceration to be served consecutively with his sentence on the theft charge.
On February 3, 2000, Appellant filed his notice of appeal as to the theft matter. On February 14, 2000, Appellant filed his notice of appeal as to his conviction on the escape charge. The matters are now before this court as Appeal Nos. 2000-CO-11 and 2000-CO-12, respectively. Appellant raises identical assignments of error and presents uniform arguments. Accordingly, we will address his assignments of error in one combined Opinion.
With respect to each case, Appellant's assignment of error states:
 "THE COURT ABUSED ITS DISCRETION WHEN IT DID NOT ALLOW APPELLANT TO WITHDRAW HIS GUILTY PLEA PRIOR TO SENTENCING."
Appellant concedes that the decision to grant or deny a motion to withdraw a guilty plea is well within the trial court's discretion. Statev. Xie (1992), 62 Ohio St.3d 521. However, Appellant emphasizes that a motion to withdraw a guilty plea filed before sentencing should be freely allowed. State v. Posta (1988), 37 Ohio App.3d 144; State v. Thomas
(December 17, 1998), Mahoning App. Nos. 96 CA 223, 96 CA 225, 96 CA 226, unreported.
Appellant asks us consider the factors in favor of granting a motion to withdraw a guilty plea as found in State v. Fish (1995),104 Ohio App.3d 236. The factors enunciated in Fish are: 1) whether withdrawal will result in prejudice to the prosecution; 2) the representation afforded to the defendant by counsel; 3) the extent of the hearing conducted according to Crim.R. 11; 4) the extent of the hearing on the motion to withdraw; 5) the amount of consideration given to the motion by the court; 6) the timing of the motion; 7) the reasons given for withdrawal; 8) the defendant's understanding of the charges; and, 9) the existence of a meritorious defense. Id., 240.
Appellant also relies on our decision in State v. Thomas, supra. Appellant contends that we held in Thomas, "* * * that when a defendant seeks to withdraw his plea even during the sentencing hearing, but before it is concluded, that a court abuses its discretion by not freely granting the defendant's motion." (Appellant's briefs p. 3). Appellant reminds us that his grounds to withdraw his guilty pleas were in writing and better stated than in Thomas, where the defendant made an oral motion at the sentencing hearing. Appellant states that he was persuaded, although not coerced, by his former attorney to plead guilty in each matter and that he believed his pleas would result in his release on bond. Appellant also states that if he was released on bond, he could have prepared a meritorious defense. Appellant further argues that withdrawal of his guilty pleas would not have prejudiced the prosecution.
With respect only to the charge of escape, Appellant claims that at the motion hearing, the state informed the trial court that it was prepared to proceed to trial. Appellant further argues that the trial court erroneously applied Crim.R. 32, by declaring that Appellant failed to demonstrate that manifest injustice would result if he were not permitted to withdraw his guilty plea. (Tr. 1/28/00 pp. 26, 31).
Based on the record before us, Appellant's argument with respect to both appeals lacks merit.
Crim.R. 32.1 states that:
 "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."
A motion to withdraw a guilty or no contest plea prior to sentencing should be freely granted. State v. Posta, supra, 145. However, this is not to say that every motion to withdraw a guilty plea should be granted as long as it is made prior to sentencing. Id., 144-145. Rather, "* * * an appellate court will only reverse a denial of leave to withdraw when the trial court has abused its discretion." Id., 145. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151, 157.
We agree with Appellant that an appellate court should consider the factors as set forth in State v. Fish, supra. Indeed, we employed those very considerations in reaching our decision in State v. Thomas, supra, on which Appellant notably relies. However, Thomas is easily distinguished from the present case on the basis of its facts. InThomas, the defendant entered a plea of no-contest immediately prior to trial. During a hearing on the plea agreement, an unidentified woman in the courtroom began yelling accusations at the defendant. The court began an open discourse with the woman pertaining to matters both before the court and extraneous to the proceedings. After the discourse ended, the defendant made an immediate oral motion to withdraw his no-contest plea. The trial court denied the motion and proceeded to sentence the defendant. We held that the defendant received a meaningful hearing pursuant to Crim.R. 11. However, we stated:
 "* * * the hearing on appellant's motion to withdraw his no contest plea was rather cursory at best. The record does not reveal that the trial court gave much consideration to the motion. [The defendant] made his motion orally during the inflammatory statements of the `Unidentified Woman.' Appellant stated that his reason for wanting to withdraw his no contest plea was that he did not completely understand the penalties he would receive, including restitution and probation. Appellant does not claim on appeal that he had a meritorious defense to the charges against him."
In Thomas, our decision was based on the trial court's lack of attention to the defendant's motion to withdraw his plea and the lack of a hearing on this motion.
In the present matters, our consideration of the appropriate factors coupled with our review of the record convinces us that the trial court did not abuse its discretion by denying Appellant's motions. First, with respect to the trial court's denial of Appellant's motion to withdraw his plea of guilty to the aggravated theft charge, the factors weigh against granting Appellant's motion. With respect to prejudice to the prosecution, Appellant filed his motion on the same day as sentencing, several months following his guilty plea. Granting the motion would have required the prosecutor to scramble, several months after believing the matter was at an end for all intents and purposes, to reconstruct its file and prepare for trial.
With respect to the representation afforded Appellant, he retained counsel of his choice. Moreover, the record reflects that Appellant was represented by seven different attorneys during the trial court proceedings. It is obvious that Appellant was not one to blindly or reluctantly follow advice to which he might disagree. Rather, as evidenced by his changes in counsel, Appellant appears to be cautious of the competency and compatibility of his attorneys.
With respect to the extent of the Crim.R. 11 hearing, Appellant was afforded a full hearing when he entered his guilty plea. A transcript of that hearing demonstrates that the trial court ascertained that Appellant understood that the court was not bound by the plea agreement, that Appellant was not coerced by threats or promises, he understood the elements of the crime to which he was pleading guilty and the possible penalties involved and that he understood the constitutional rights he was relinquishing. (Tr. 98-CR-50 10/27/99 pp. 8-14). With respect to the hearing on the motion to withdraw, Appellant was granted a full hearing despite short notice to the trial court and counsel for the State. Appellant testified and was given the full opportunity to call witnesses. (Tr. 98-CR-50 1/28/00 pp. 1-40).
With respect to the amount of consideration given to Appellant's motion, the record reflects that the trial court carefully evaluated Appellant's argument. The trial court stressed that it heard Appellant's guilty plea and that Appellant represented his understanding of the plea as evidenced by his education and experience with the legal system. (Tr. 98-CR-50 1/28/00 pp. 35-40).
With respect to the timing of the motion, Appellant made his motion on the day of sentencing, several months after he pleaded guilty. This passage of time indicates that his decision to plead guilty apparently was not made hastily and was one not easily abandoned. That the motion was filed contemporaneously with the appearance of new counsel and immediately prior to sentencing seems to indicate to us that Appellant may have been somewhat desperate in light of Appellant's sincere understanding as to the penalties which may befall him on that day. In essence, the timing of his motion indicates and buttresses our finding that he knew and understood the consequences of his guilty plea.
With respect to the reasons given for his motion, Appellant essentially argues that he received ineffective assistance of counsel. At hearing, Appellant contended that his former counsel had represented that if he pleaded guilty, he would not go to jail, (Tr. 98-CR-50 1/28/00 p. 12), a fact belied in our review of his plea hearing. With respect to Appellant's understanding of the charges and penalties, the record reflects that the trial court confirmed those matters during the Crim.R. 11 hearing. Appellant also contends that he needed to be out of jail to prepare a defense. Thus, with respect to the requirement of the existence of a meritorious defense, the record reflects only that Appellant planned to prepare a defense if his motion was granted. There is absolutely no indication on the record that Appellant offered any defense to the charge, much less a meritorious defense. Furthermore, Appellant's need to be free to care for his ailing father may factor into the court's determination on sentencing but is not one of the factors available in seeking to withdraw a guilty plea.
Given that the State v. Fish factors weigh greatly against granting Appellant's motion to withdraw his plea of guilty to aggravated theft, we affirm the trial court's judgment overruling that motion.
Turning to the trial court's denial of Appellant's motion to withdraw his plea of guilty to the charge of escape, the majority of the factors enumerated in State v. Fish, supra, weigh against granting Appellant's motion regarding this charge, also. With respect to the prejudice to the prosecution, the state admitted that it was prepared to try this matter. (Tr. 99-CR-39 p. 5). Although this factor seems to weigh in favor of granting Appellant's motion, it is the only one of nine considerations which does so.
With respect to the representation afforded Appellant, he admitted that his counsel at the time of the plea agreement, "* * * did everything right." (Tr. 99-CR-39 p. 14). As the trial court pointed out, "* * * by [Appellant's] own testimony, [his former counsel] properly advised him." (Tr. 99-CR-39 p. 26). We must also agree with the trial court's statement that Appellant's former counsel, "* * * did a pretty good job in getting this plea bargained down to a fifth degree felony escape charge in this instance." (Tr. 99-CR-39 pp. 26-27). The original charge of failure to appear on recognizance, an unspecified felony, carried a greater penalty.
With respect to the extent of the Crim.R. 11 hearing, the record before us reflects here, too, that a complete and meaningful hearing was held. However, we have only a partial record, as Appellant has not provided this Court with a transcript of that hearing as he did with respect to the plea hearing regarding his theft plea. As Appellant has failed to provide this court with a transcript of that hearing, we have little to review and must presume the validity of that proceeding. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199. Although we need not belabor the point due to Appellant's failure to provide a complete record, the trial court's judgment entry filed on October 27, 1999, indicates that the purpose of the Crim.R. 11 hearing was met, as the trial court ascertained that Appellant entered an informed and voluntary guilty plea. In that entry, the trial court stated it advised Appellant of the constitutional rights he was waiving and that Appellant evinced a knowing and intelligent understanding of those rights, the nature of the charge to which he was pleading and the minimum and maximum penalties. In addition, at the hearing on Appellant's motion to withdraw his plea, Appellant admitted that he signed under oath the response to the judicial advice to defendant form. (Tr. 99-CR-39 p. 13). That document contains Appellant's written acknowledgment that he understood that by pleading guilty he waived certain constitutional rights, understood the penalties involved and that his plea was voluntary. Appellant further admitted at that hearing that the trial court reviewed his responses when accepting his guilty plea. (Tr. 99-CR-39 pp. 14-15). Thus, the record that exists before us provides every indication that the trial court complied with the requirements of a Crim.R. 11 hearing.
With respect to the hearing on the motion to withdraw and as earlier discussed, despite the short notice from Appellant, the trial court immediately held a complete hearing prior to sentencing. The hearing consisted largely of Appellant's testimony under direct and cross-examination.
With respect to the amount of consideration given to Appellant's motion, the record reflects that the court carefully evaluated the motion. The trial court stressed that Appellant had competent representation, that it questioned Appellant orally and in writing concerning his understanding of the plea agreement, that Appellant did not assert that any other promises were made to him or that he wished to demonstrate any other circumstances to the court. (Tr. 99-CR-39 pp. 26-28).
With respect to the remaining considerations, Appellant's contentions and our analysis are virtually identical to those regarding the motion to withdraw his plea to the theft charge. Appellant did not make his motion until the day of sentencing. As we have stated, this appears to evince to us that Appellant had a true understanding of the consequences of his guilty plea. Appellant's reason for desiring to withdraw the plea was that his former counsel represented that he would be released on bond if he pled guilty and that he would then be able to prepare a defense for further hearing on the matter. (Tr. 99-CR-39 p. 11). However, Appellant admitted that he understood that by pleading guilty he was in fact admitting guilt and waiving certain rights. (Tr. 99-CR-39 p. 12). With respect to the existence of a meritorious defense, the record reflects only that Appellant claimed he planned to prepare a defense if his motion was granted. As stated earlier, there is absolutely no indication in the record of the existence of a meritorious defense.
While granting Appellant's motion in this instance would not have prejudiced the prosecution, the remaining factors weigh heavily against granting Appellant's motion. As such, we are unable to say that the trial court abused its discretion in this matter. Accordingly, we affirm the judgment of the trial court in regards to its denial of Appellant's motion to withdraw his guilty plea to the escape charge.
For the foregoing reasons, Appellant's assignments of error must be found to be without merit and we affirm the decision of the trial court in all respects.
 ____________________ WAITE, J.
Cox, P.J., concurs in judgment only.
Donofrio, J., concurs.