OPINION
Defendant-appellant, Michael Jenkins, appeals from the decision of the Mahoning County Court of Common Pleas denying his request to withdraw his guilty plea, convicting him of felonious assault, and sentencing him to eight years in prison.
On or about September 8, 1999, appellant allegedly attempted to murder Nick Kaczmark and in the process trespassed in an occupied structure. On or about September 13, 1999, appellant was under detention and allegedly attempted to escape. Appellant was indicted on one count of attempted murder, one count of aggravated burglary, and one count of escape (lower Case Number 99-CR-852). In a separate but related case, appellant was charged with intimidation of a witness (lower Case Number 99-CR-1120).
Pursuant to a Crim.R. 11 agreement, appellant pled guilty to the amended count of felonious assault, a violation of R.C. 2903.11(A)(2)(B) and a felony of the second degree. He also pled guilty to intimidation of a witness, a violation of R.C. 2921.04(B)(D) and a felony of the third degree. The court advised appellant of the rights he was waiving in accordance with Crim.R. 11(C).
At appellant's sentencing hearing, approximately one and a half months later, appellant moved to withdraw his guilty pleas. The court denied appellant's motion and proceeded with sentencing. It sentenced appellant to eight years of incarceration on the felonious assault charge and five years on the intimidation of a witness charge, to be served concurrently. This timely appeal followed.
Although appellant filed a notice of appeal from the decisions in both cases 99-CR-852 and 99-CR-1120, his appellate brief addresses only case 99-CR-852. Additionally, appellant's argument at his sentencing hearing regarding why the trial court should have allowed him to withdraw his plea centered around the notion that he acted in self-defense. Self-defense is only a defense to the charges in case 99-CR-852. Since appellant has not argued error by the trial court in case 99-CR-1120, we will not address that case and any alleged errors are considered waived.
Appellant alleges one assignment of error, which states:
 "THE TRIAL COURT ERRORED [sic.] AND ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION TO WITHDRAW HIS PLEA WHEN THE REQUEST WAS MADE PRIOR TO SENTENCING AND THE COURT MADE NO INQUIRY INTO THE REASON FOR THE MOTION."
Appellant argues that since he moved to withdraw his guilty plea before the trial court sentenced him, the court should have granted his motion. He asserts that the court erred in not conducting a hearing on his motion to determine whether he had a reasonable basis to withdraw his plea. Citing, State v. Xie (1992), 62 Ohio St.3d 521. Appellant also claims that he was unaware of the court's prospective sentence at the time he moved to withdraw his plea.
The decision whether to grant or deny a defendant's motion to withdraw a guilty plea is within the trial court's discretion. Xie,62 Ohio St.3d at 526. Abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151,157. However, a motion to withdraw a guilty plea made prior to sentencing should be freely granted. State v. Posta (1988), 37 Ohio App.3d 144,145.
In determining whether to grant a pre-sentence motion to withdraw a plea, the court should consider the factors set out in State v. Fish
(1995), 104 Ohio App.3d 236, which include: (1) whether the state will be prejudiced by the withdrawal; (2) the representation afforded to the defendant by counsel; (3) the extent of the Crim.R. 11 hearing; (4) the extent of the hearing on the motion to withdraw; (5) whether the trial court gave full and fair consideration to the motion; (6) the timing of the motion; (7) the reasons given for the motion; (8) the defendant's understanding of the charges and possible penalties; and (9) whether the defendant was perhaps not guilty or presented a complete defense. Statev. Cuthbertson, (Sept. 21, 2000), Mahoning App. No. 98-CA-133, unreported, 2000 WL 1506202 at *2, citing Fish, 104 Ohio App.3d at 240.
Applying these factors to the case at bar, it appears that the trial court acted unreasonably in denying appellant's motion to withdraw his plea.
Factors two, three, six, and eight tend to weigh in plaintiff-appellee's, the State of Ohio's, favor. Appellant stated at his Crim.R. 11 hearing that he was satisfied with his counsel's representation. The trial court conducted a full hearing when appellant entered his guilty plea. The court made sure that appellant understood all of the rights he was waiving and the possible penalties he was facing in accordance with Crim.R. 11. Appellant entered his guilty plea on December 9, 1999. He moved to withdraw his plea on January 28, 2000 at his sentencing hearing before the trial court sentenced him. Finally, it appears from the transcript of the change of plea hearing that appellant understood the nature of the charges and the potential sentences he faced.
However, factors one, four, five, seven, and nine all weigh strongly in appellant's favor. Appellee did not allege at the sentencing hearing that it would be prejudiced if appellant was permitted to withdraw his plea. Appellant's counsel argued that appellant acted in self-defense and wanted to proceed to a trial where he could present his defense. Also, appellant alleged that he acted in self-defense, which is a complete defense to the crimes of felonious assault and attempted murder. Although the court stated that it did not believe that appellant's defense had merit, appellant's counsel made an argument regarding the facts of the case that tend to indicate that appellant may have acted in self-defense.
Most importantly, the trial court failed to conduct a meaningful hearing on appellant's motion. When appellant's counsel stated that appellant wished to withdraw his plea and proceed to trial, the court simply denied the motion. After it denied the motion, the court told appellant's counsel that he could make an argument on appellant's behalf. Appellant's counsel proceeded to explain to the court the circumstances surrounding the night in question and that appellant was in fear for his safety. Counsel stated that appellant believed the victim was dangerous and that appellant acted in self-defense when he struck the victim. The court asked counsel if there was another reason why the plea should be withdrawn other than the fact that the court had indicated a sentence that appellant may have been disappointed with. Counsel responded that appellant had always contended that he acted in self-defense.
Although the court briefly listened to counsel's argument, it failed to conduct a hearing on appellant's motion. When a trial court is faced with a motion to withdraw a guilty plea, it must conduct a hearing to decide whether there is a reasonable and legitimate basis for withdrawal of the plea. Xie, 62 Ohio St.3d at 527.
Additionally, it appears from the record that the court did not give full consideration to appellant's motion. The court denied appellant's motion before it even heard counsel's argument. This demonstrates that the court did not give appellant's motion full and fair consideration.
After considering all of the factors, it becomes apparent that the trial court abused its discretion in denying appellant's motion to withdraw his guilty pleas. The factors that most strongly support this conclusion are that the trial court denied appellant's motion without holding a hearing on the matter and failed to give appellant's motion due consideration. Furthermore, appellant asserted a complete defense to the crime charged.
Accordingly, appellant's sole assignment of error has merit.
For the reasons stated above, the decision of the trial court is hereby remanded for the trial court to conduct a hearing on appellant's motion to withdraw his plea.
Vukovich, J., concurs.
Waite, J., concurs.