OPINION *Page 2 
{¶ 1} Defendant-appellant, Rommie Johnson, appeals from a Mahoning County Common Pleas Court judgment denying his motion to withdraw his guilty plea to four counts of rape and convicting him of those charges.
 {¶ 2} On February 3, 2005, a Mahoning County grand jury indicted appellant on six counts of rape, first-degree felonies in violation of R.C. 2907.02(A)(2)(B). These counts alleged that appellant used force or the threat of force to compel his victim to submit to sexual conduct. The first five counts involved the same victim while the sixth count involved a different victim. This indictment proceeded under case number 05-CR-105. Appellant entered pleas of not guilty to all counts.
 {¶ 3} Apparently, when this indictment was handed down, appellant was already under indictment in case number 04-CR-1035. This indictment included two counts of rape and one count of gross sexual imposition.
 {¶ 4} The two indictments were joined together.
 {¶ 5} On January 31, 2006, appellant entered into a Crim.R. 11 plea agreement with plaintiff-appellee, the State of Ohio. Appellant entered guilty pleas to counts one, two, three, and four of the indictment in case 05-CR-105. In exchange, the state dropped counts five and six in case 05-CR-105 and dropped all charges in case 04-CR-1035. Additionally, the state agreed to recommend a total sentence of 13 years and appellant agreed to stipulate to a sexual predator classification.
 {¶ 6} The case proceeded to a sentencing hearing on April 25, 2006. At this time, appellant asked for a continuance so that he could provide the court with additional information. The court denied the request. Appellant then moved to withdraw his guilty plea. The court immediately conducted a hearing on the motion. It determined that the timing of appellant's motion was "totally unreasonable" and that the reasons for the motion were insignificant. Therefore, the court denied appellant's motion to withdraw his plea. The court proceeded to sentence appellant to four years on each of the four counts, to be served consecutively, and designated him a sexual predator.
 {¶ 7} Appellant filed a timely notice of appeal on May 18, 2006. *Page 3 
 {¶ 8} Appellant raises one assignment of error, which states:
 {¶ 9} "THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION BY REFUSING TO GRANT DEFENDANT-APPELLANT'S MOTION TO WITHDRAW HIS PREVIOUS PLEA OF GUILTY WHERE SUCH REQUEST WAS MADE PRIOR TO THE IMPOSITION OF SENTENCE."
 {¶ 10} Appellant argues that the trial court should have granted his motion to withdraw his guilty plea.
 {¶ 11} The decision whether to grant or deny a defendant's motion to withdraw a guilty plea is within the trial court's discretion. State v.Xie (1992), 62 Ohio St.3d 521, 526, 584 N.E.2d 715. Abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable.State v. Adams (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144. However, a motion to withdraw a guilty plea made prior to sentencing should be freely granted. State v. Posta (1988), 37 Ohio App.3d 144, 145,524 N.E.2d 920.
 {¶ 12} Crim.R. 32.1 provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." While this rule establishes a fairly stringent standard for deciding a post-sentence motion to withdraw a guilty plea, it provides no guidelines for deciding a pre-sentence motion. Xie,62 Ohio St.3d at 526.
 {¶ 13} In State v. Thomas (Dec. 17, 1998), 7th Dist. Nos. 96-CA-223, 96-CA-225, 96-CA-226, this court considered nine factors set out inState v. Fish (1995), 104 Ohio App.3d 236, 661 N.E.2d 788, that an appellate court should consider when determining whether a trial court abused its discretion in failing to allow a plea withdrawal. They are:
 {¶ 14} "1) whether a withdrawal will result in prejudice to the prosecution; 2) the representation afforded to the defendant by counsel; 3) the extent of the hearing conducted by Crim. R. 11; 4) the extent of the hearing on the motion to withdraw; 5) *Page 4 
the amount of consideration given to the motion by the court; 6) the timing of the motion; 7) the reasons given for the withdrawal; 8) the defendant's understanding of the charges and penalties; and 9) the existence of a meritorious defense." Id., citing Fish, at 239.
 {¶ 15} In reaching its decision to deny appellant's motion, the trial court analyzed these factors.
 {¶ 16} First, the court asked the prosecutor whether it would prejudice the state if it allowed appellant to withdraw his plea. (Sen. Tr. 17). The prosecutor noted that he was not the person assigned to this case and, therefore, he could not answer the court's question. (Sen. Tr. 17). The court then asked whether it would take an extended period of time before the case could be brought to trial to which the prosecutor stated, "I would think so." (Sen. Tr. 17-18). The court then referenced its extended docket. (Sen. Tr. 18).
 {¶ 17} Second, the court asked appellant about his satisfaction with his counsel. Appellant responded that he was satisfied with his counsel's representation both at the time he entered his plea and at the present time. (Sen. Tr. 18).
 {¶ 18} Third, the court conducted a thorough Crim.R. 11 colloquy with appellant before accepting his plea. At the plea hearing, the court went over each count of the indictment with appellant; informed appellant that the state's burden was proof beyond a reasonable doubt; went over the plea deal he was accepting; informed him that he was waiving the right to a jury trial, the right to subpoena witnesses, the right to cross-examine the state's witnesses, and the right to appeal; that the state could not force him to testify against himself; that his sentence was up to the court, regardless of what the state recommended; that he faced potential sentences of ten years and $20,000 fines on each count; and that he would be subject to post-release control. (Plea Tr. 4-14). The court also made sure that appellant was not under the influence of drugs or alcohol. (Plea Tr. 15). And the court made sure that although appellant could not read, he understood the terms of the plea agreement, someone read them to him, and his lawyer explained them to *Page 5 
him. (Plea Tr. 15-16). Appellant then stated that he wanted his signature to appear on the plea agreement and that he wished to plead guilty. (Plea Tr. 16, 18).
 {¶ 19} Fourth, the court conducted a comprehensive hearing on appellant's motion to withdraw. (Sen. Tr. 17-27). And it listened to arguments by both appellant and his counsel.
 {¶ 20} Fifth, the court gave sufficient consideration to appellant's motion, especially given the fact that he did not make the motion until halfway through the sentencing hearing. The hearing started off with a statement from the prosecutor and then a statement from one of the victim's mothers. The court then went over everything from the plea hearing with appellant, once again making sure that appellant had entered his plea knowingly, voluntarily, and intelligently. It was not until the court announced that it would proceed to sentencing that appellant's counsel asked for a continuance and then moved to withdraw appellant's plea. At this point, the court began a hearing on the motion. It heard from appellant and his counsel on the issue. And then it overruled appellant's motion.
 {¶ 21} Sixth, as just noted, appellant did not make his motion until halfway through the sentencing hearing. He never filed a written motion to withdraw his plea. Furthermore, the sentencing hearing was held almost two months after appellant entered his plea. Thus, he could have filed a motion to withdraw his plea at some time before the sentencing hearing or even at the very beginning of the sentencing hearing.
 {¶ 22} Seventh, appellant did not put forth a direct reason for his desire to withdraw his plea. Appellant's counsel asked for a continuance of the sentencing hearing stating that he had recently read the pre-sentence investigation and noticed some inconsistencies. He stated that appellant had no understanding of the element of force or threat of force. He also made an argument about the victim's age, stating that he recently learned that the victim was 16, not 15 as originally thought, which would change the nature of the offense. The court also asked appellant if he had any other reasons for wanting to withdraw his plea. Appellant then rambled on about *Page 6 
one of the victims' mothers, who had issued the victim-impact statement, and how he was friends with her and they got into an argument. He also stated that he thought that the longest sentence he could get was ten years and thought that with the prosecutor's recommendation, he could be home in three years.
 {¶ 23} Eighth, while appellant eventually stated that he did not understand that he could be sentenced to more than ten years, his prior statements to the court contradict this. At the plea hearing, the following colloquy took place:
 {¶ 24} "THE COURT: * * * I do want you to understand that it's always up to the judge to do the sentencing, not to your lawyer, not to the prosecutor, and when we do come back for sentencing, again, even on those four counts, I do want you to understand that you could get ten years on each of those counts, each of those counts, and you could get a $20,000 fine on each of those counts. Do you understand that?
 {¶ 25} "THE DEFENDANT: Yes, sir.
 {¶ 26} "THE COURT: All right. And that ten-year period on each of those counts could be run one after the other and the fines could be all added up, so you're looking at the possibility of 40 years in the pen and an $80,000 fine. Do you understand?
 {¶ 27} "THE DEFENDANT: Yes." (Plea Tr. 13).
 {¶ 28} Additionally, at the sentencing hearing, before making his motion to withdraw his plea, appellant and the court had the following exchange regarding what he understood when he entered his plea:
 {¶ 29} "THE COURT: * * * And you told me you understood on each of those remaining counts you could get 10 years in the penitentiary and a $20,000 fine on each of them. And that would be up to me, the sentencing would be up to me, and you recognize that the 10 years could be run one right after the other. So you are looking at the potential of 40 years in the penitentiary and $80,000 in fines. You understood all of that?
 {¶ 30} "THE DEFENDANT: That was understood. That's the part — *Page 7 
 {¶ 31} "THE COURT: That was the maximum.
 {¶ 32} "THE DEFENDANT: Okay.
 {¶ 33} "THE COURT: The most. That would have been the most you could have been looking at, and you told me you understood all of that.
 {¶ 34} "THE DEFENDANT: Okay." (Sen. Tr. 10-11).
 {¶ 35} Thus, by the time appellant stated that he did not understand that he could be sentenced to more than ten years, he had already told the court on two different occasions that he understood that he could be sentenced to up to 40 years.
 {¶ 36} Furthermore, appellant also demonstrated that he understood the charges against him. At the plea hearing, the court went over each count in the indictment with appellant. Separately for each count, the court told appellant that he was charged with engaging in sexual conduct with the victim and that appellant "purposely compelled * * * [the victim] to submit by force or threat of force." (Plea Tr. 5-7).
 {¶ 37} Ninth, appellant did not assert a meritorious defense. He seemed to make an argument about the age of the victim. However, appellant pled guilty to and was convicted of rape by use of force, not statutory rape. Thus, whether the victim was 15 or 16 at the time of offense is irrelevant and is not a defense.
 {¶ 38} Appellant takes issue with several of these factors.
 {¶ 39} First, appellant asserts that the prosecutor was unable to say with certainty that the state would be prejudiced if the court granted the motion. Because the prosecutor who handled the sentencing hearing was not the original prosecutor on the case, he was not able to say with certainty that the state would be prejudiced if the court allowed appellant to withdraw his plea. However, he did agree that it would take an extended period of time before the case could be brought to trial. This could result in prejudice to the state due to issues of evidence becoming stale and witnesses' memories fading.
 {¶ 40} Appellant also contends that the court should have done more than simply ask him if he was satisfied by his counsel's representation to ensure that his *Page 8 
counsel's representation was effective. The court asked appellant, both at the plea hearing and again at the sentencing hearing if he was satisfied with his counsel, to which appellant responded in the affirmative. Furthermore, the trial court was able to observe counsel's performance throughout this case. Thus, if it thought counsel was ineffective, it could have questioned counsel at the hearing.
 {¶ 41} Appellant next argues that he was confused as to the elements of the offense and his counsel should have explained these elements to him. As discussed above, while appellant claims that he was confused as to the elements of rape, specifically the use or threat of force, his responses to the court's questions, both at the plea hearing and at the sentencing hearing, demonstrate otherwise. Appellant contends that we should not take his answers to the court's questions at their face value and instead should consider that he may have simply assented to what the court was saying without really understanding. For support, he points out that he is almost illiterate and that in the pre-sentence investigation (PSI) neither he, nor the victim, stated that he used force.
 {¶ 42} As to appellant's literacy argument, the court specifically read appellant the elements of rape, including the use or threat of force. Thus, appellant was not required to read a document that listed the elements in order to know what they were. Furthermore, appellant stated that his attorney read him the plea agreement and explained it to him. And as to the PSI, the victim was ambivalent about whether force or the threat of force was used.
 {¶ 43} Based on the Fish factors, we cannot conclude that the trial court abused its discretion in denying appellant's motion to withdraw his plea. Appellant waited until halfway through the sentencing hearing to make his motion. The court made sure, both at the plea hearing and at the sentencing hearing, that appellant entered his plea knowingly, voluntarily, and intelligently. The court conducted a comprehensive hearing on appellant's motion, listening to arguments from both appellant and his counsel. It questioned appellant about his satisfaction with his counsel. It looked into whether appellant had a meritorious defense. Based on the *Page 9 
foregoing, it appears that appellant simply changed his mind about his plea. A mere change of heart is insufficient justification to withdraw a guilty plea. State v. Drake (1991), 73 Ohio App.3d 640, 645,598 N.E.2d 115.
 {¶ 44} Accordingly, appellant's sole assignment of error is without merit.
 {¶ 45} For the reasons stated above, the trial court's judgment is hereby affirmed.
 Vukovich, J., concurs. Waite, J., concurs. *Page 1